Carlos ROSARIO, Worley Hall, Roger Zydor, Marshall Rosado, Donald Smith, Vincent Rios, Gilbert Santiago, Roderick Reyes, and Christopher Aldrich, Plaintiffs–Appellants,

v.

Glenn S. GOORD, Commissioner NY-DOCS, Frank R. Headly, DOCS Deputy Commissioner for Programs, Stephen Bernardi, Deputy Commissioner of Policy and Compliance Review, Donna Masterson, DOCS Americans with Disabilities Act Coordinator, Lester Wright, DOCS Deputy Commissioner and Chief Medical Officer, William Massuca, Superintendent Fishkill Correctional Facility ("CF"), Kenneth S. Perlman, Superintendent Mohawk CF; Edward Donnelly, Superintendent, Jimmy Harris, Deputy Superintendent for Programs, Jim Nance, Deputy Superintendent for Programs Mohawk CF, Helen Dean, Superintendent for Programs, Wende CF, Anne Cole, Deputy Superintendent for the Correctional Health Care Facility, Fishkill CF, Joan Rosado, Deputy Superintendent for the Correctional Health Care Facility, Walsh Rmu., Susan Post, Deputy Superintendent for the Correctional Health Care Facility, Wende Cf., Defendants–Appellees.

Docket No. 03–0289.

United States Court of Appeals, Second Circuit.

Argued: Feb. 24, 2005.

Decided: March 2, 2005.

Martin A. Hotvet, Assistant Solicitor General (Daniel Smirlock, Assistant Attorney General, of counsel, Eliot Spitzer, Attorney General, on the brief), Office of the Attorney General of the State of Albany, New York, NY.

Before: LEVAL, CABRANES and KATZMANN, Circuit Judges.

PER CURIAM.

Plaintiffs, inmates of the New York State Department of Correctional Services ("DOCS"), brought this action against defendants alleging violations of Title II of the Americans With Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq.*, and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794. The District Court for the Southern District of New York (Charles L. Brieant, *Judge*), in a Memorandum and Order dated September 24, 2003, dismissed the action based on its finding that plaintiffs had failed to exhaust their administrative remedies prior to filing suit as required by 42 U.S.C. § 1997e(a), because, though they had arguably exhausted internal prison grievance procedures, they had not lodged a complaint with the Department of Justice ("DOJ"). *See* 42 U.S.C. § 12134(a); 28 C.F.R. 35.170–178 (providing a complaint procedure for persons who believe they have been subjected to discrimination on the basis of disability by a public entity).

Plaintiffs appealed. After briefing was completed, defendants moved this Court to vacate the District Court's order and remand the cause to the District Court for further proceedings. In their motion, defendants stated that they wished to withdraw the DOJ exhaustion defense in this action. They further represented that the defense will be withdrawn in any pending litigation in which liability against DOCS and its agents is asserted under the ADA and that DOCS does not now intend to assert the defense in any such future litigation. Plaintiffs consented to defendants' motion, and, at oral argument on February 24, 2005, the parties agreed that this Court should grant defendants' motion and vacate the District Court's order. We find this disposition appropriate.

## CONCLUSION

Accordingly, we VACATE the judgment of the District Court and REMAND the cause for further proceedings consistent with this order.